**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING GOVERNMENT'S** |
| | ) | **MOTION TO DISMISS APPEAL** |
| vs. | ) | |
| | ) | Case No. 4:11-mj-052 |
| David Gordon Ristow, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the defendant, David Gordon Ristow's "Notice of Appeal and Specifications of Error" filed on July 6, 2011, and the Government's "Motion to Dismiss Appeal" filed on July 7, 2011. See Docket Nos. 15 and 16. Ristow filed a response in opposition to the Government's motion on July 8, 2011. See Docket No. 17. For the reasons explained below, the Government's motion is granted.

**I.  BACKGROUND**

On June 14, 2011, Ristow was charged by way of criminal complaint with the misdemeanor offense of illegal entry and concealment of facts in violation of 18 U.S.C. § 1325(a)(1) & (2). See Docket No. 1. On June 13, 2011, Ristow allegedly concealed himself underneath a blanket while crossing the Portal, North Dakota Port of Entry. Ristow had previously been denied entry into the United States because of his criminal record and was currently wanted in Ottawa, Ontario, Canada on a bench warrant for failure to appear and breach of undertaking. The offense carries maximum penalties of six months imprisonment, a $5,000 fine, five years probation, and a $10 special assessment. See Docket No. 11, pp. 2-3.

On June 28, 2011, the parties filed a plea agreement. See Docket No. 11. The plea agreement includes the following paragraph:

> 20. Appeal Waiver: Defendant waives his right to appeal his conviction and the Court's entry of judgment against him, including an appeal of any motions, defenses, probable cause determinations, and objections which he has asserted in this case. Defendant also waives any right to appeal his sentence under 18 U.S.C. § 3742(a) as recognized and permitted by United States v. Andis, 333 F.3d 886 (8th Cir. 2003). Expressly excluded from this waiver of appeal is Defendant's right to appeal an illegal sentence. Defendant agrees to waive any right to contest his conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶6(3) premised on a right newly recognized by the United States Supreme Court.

See Docket No. 11, p. 7. On June 30, 2011, Magistrate Judge Charles S. Miller, Jr. accepted Ristow's guilty plea and sentenced him to three months imprisonment. See Docket Nos. 13 and 14.

On July 6, 2011, Ristow filed a "Notice of Appeal and Specifications of Error." See Docket No. 15. Ristow contends the sentence imposed by Judge Miller is unreasonable because Ristow's prior criminal offenses took place in Canada a number of years ago, Ristow has expressed remorse for his actions, and he does not wish to reenter the United States. On July 7, 2011, the Government filed a "Motion to Dismiss Appeal." See Docket No. 16. The Government contends that Ristow's appeal to the district court is barred by the appeal waiver in the plea agreement. Ristow contends that he did not waive the right to appeal to the district court under Rule 58(g)(2) of the Federal Rules of Criminal Procedure.

## II. STANDARD OF REVIEW

The Eighth Circuit Court of Appeals has explained that the right to appeal is not a constitutional right, it is "purely a creature of statute" and can be waived. United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (citing Abney v. United States, 431 U.S. 651, 656 (1977); 18 U.S.C. § 3742)). An appeal waiver in a plea agreement is enforceable if "(1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." United States v. Cervantes, 420 F.3d 792, 794 (8th Cir. 2005) (citing Andis, 333 F.3d at 889-90); see also United States v. Adkins, 636 F.3d 432, 433 (8th Cir. 2011) (citing United States v. Selvy, 619 F.3d 945, 950 (8th Cir. 2010)).

A defendant's right to appeal a sentence is described in 18 U.S.C. § 3742, which provides, in pertinent part:

> (a) Appeal by a defendant. A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
>
>   (1) was imposed in violation of law;
>
>   (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
>   (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
>   (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
>
> . . . .
>
> (h) Application to a sentence by a magistrate. An appeal of an otherwise final sentence imposed by a United States magistrate may be taken to a judge of

the district court, and this section shall apply (except for the requirement of approval by the Attorney General or the Solicitor General in the case of a Government appeal) as though the appeal were to a court of appeals from a sentence imposed by a district court.

18 U.S.C. § 3742(a) & (h). Rule 58(g)(2) of the Federal Rules of Criminal Procedure describes in more detail the right to appeal from a magistrate judge's judgment:

>   (2) From a Magistrate Judge's Order or Judgment.
>
>   (B) Appeal from a Conviction or Sentence. A defendant may appeal from a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the government.
>
>   . . . .
>
>   (D) Scope of Appeal. The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge.

Fed. R. Crim. P. 58(g)(2)(B) & (D).


### III. LEGAL DISCUSSION

The Court must first determine whether an appeal to the district court from the magistrate judge's judgment is within the scope of the appeal waiver entered into by Ristow and the Government. Ristow does not appeal his conviction, but contends instead that the sentence imposed by Judge Miller is unreasonable. The appeal waiver states, "Defendant also waives any right to appeal his sentence under 18 U.S.C. § 3742(a) as recognized and permitted by United States v. Andis, 333 F.3d 886 (8th Cir. 2003). Expressly excluded from this waiver of appeal is Defendant's right to appeal an illegal sentence." See Docket No. 11, p.7. Plea agreements are to be strictly

4

construed and any ambiguities are to be construed against the Government and in favor of a defendant's right to appeal. Andis, 333 F.3d at 890.

Ristow expressly waived the right to appeal his sentence under 18 U.S.C. § 3742(a). 18 U.S.C. § 3742 provides, in pertinent part:

> (a) Appeal by a defendant. A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
>
>   (1) was imposed in violation of law;
>
>   (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
>   (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
>   (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
>
> . . . .
>
> (h) Application to a sentence by a magistrate. An appeal of an otherwise final sentence imposed by a United States magistrate may be taken to a judge of the district court, and this section shall apply (except for the requirement of approval by the Attorney General or the Solicitor General in the case of a Government appeal) as though the appeal were to a court of appeals from a sentence imposed by a district court.

18 U.S.C. § 3742(a) & (h). According to 18 U.S.C. § 3742(h), an appeal from the magistrate judge's judgment to the district court under Fed. R. Crim. P. 58(g)(2) is the equivalent of an appeal from the district court to the circuit court under 18 U.S.C. § 3742(a). Ristow's plea agreement clearly waives his right to appeal his sentence under 18 U.S.C. § 3742(a). The Court finds, as a matter of law, that

5

an appeal to the district court of the sentence imposed by the magistrate judge falls within the scope of the appeal waiver entered into by Ristow and the Government.

Second, the Court must determine whether Ristow's waiver of his right to appeal was knowing and voluntary. The Court notes that Ristow has not requested a transcript of the change of plea and sentencing hearing. The Clerk of Court's minutes of the hearing state, in part:

> Dft sworn
> Parties state terms of plea agreement
> <u>Dft states that plea agreement is voluntary</u>
> Dft advised of charges; maximum penalties
> Dft advised of rights
> Court finds factual basis to enter plea
> Dft pleads guilty to charges in complaint
> <u>Court finds that plea is knowingly and voluntarily made</u> with advice of counsel

<u>See</u> Docket No. 13 (emphasis added). Ristow does not contend that his entering into the plea agreement was not knowing or voluntary. The Court finds, as a matter of law, that Ristow's waiver of his right to appeal was knowing and voluntary.

Finally, the Court must determine whether enforcement of the appeal waiver will result in a miscarriage of justice. The Court notes that Ristow does not argue that his sentence is illegal but simply contends that it is unreasonable. An appellate court can only set aside a sentence if it determines, "after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." <u>United States v. Kane</u>, 639 F.3d 1121, 1135 (8th Cir. 2011) (quoting <u>United States v. Irey</u>, 612F.3d 1160, 1191 (11th Cir. 2010) (en banc)). Ristow was fully aware of the maximum sentence of six months imprisonment when he entered into the plea agreement. He was also aware that the Government intended to recommend a sentence of three months of imprisonment, which it did. Ristow knowingly and voluntarily entered into the plea agreement and waived his right to appeal. The Court finds, as a matter of law, that enforcement of

6

the appeal waiver will not result in a miscarriage of justice. Accordingly, the Court finds that Ristow's appeal waiver is enforceable and Government's motion to dismiss Ristow's appeal is granted.

## IV. CONCLUSION

The Court has reviewed the entire record, the parties' briefs, and relevant statutes and case law. The Government's "Motion to Dismiss Appeal" (Docket No. 16) is **GRANTED** and Ristow's "Notice of Appeal and Specifications of Error" (Docket No. 15) is **DISMISSED**.

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2011.

                                            */s/ Daniel L. Hovland*
                                            Daniel L. Hovland, District Judge
                                            United States District Court